JAMES REYNOLDS ET AL. *v.* SAMUEL M. GREEN.

A suit to enforce the contractor's lien on real estate for paving and grading assessments is barred by the same limitation as a personal action to recover the debt.

ERROR TO SPECIAL TERM.—This is an action to enforce the lien of an assessment on real estate of the defendant, situated on Front street, for grading and paving. The petition was filed on March 1, 1867, and a demurrer thereto sustained. An amended petition was filed November 16, 1869, to which a general demurrer was filed, on the ground that the petition disclosed the fact that the claim sued on was barred by the statute of limitations.

On the day of the filing of the original petition, a summons was issued, and returned " not found." Service by publication was then had, the first notice being published on November 30, 1867.

. The petition stated that on the recommendation of the board of city improvements, the city council did, on March

15, 1861, duly pass the ordinance providing for the paving and grading of Front street, and authorized a contract with the plaintiff, which was executed May 3, 1861; that the work was done; that on the 20th of November, 1861, the assessment on the property was made, and that on November 29, 1861, the city commissioner of the Eastern district certified that the work had been done according to the terms of the contract.

The demurrer to this amended petition was sustained by the judge at Special Term, and judgment entered for the defendant. To reverse this judgment a writ of error was prosecuted to the General Term.

*S. A. Miller,* for plaintiff in error.

*Van Hamm,* contra.

HAGANS, J. By section 20 of the Code (2 S. & C. 949), "an action shall be deemed commenced within the meaning of this title, as to each defendant, at the date of the summons which is served on him, or a co-defendant who is a joint contractor, or otherwise united with him in interest. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication, which publication shall be regularly made."

There is but one defendant, and no summons was served upon him. The first publication was made November 30, 1867. The cause of action accrued November 20, 1861, when the assessment was made on the defendant's property, and the demand of the petition is for interest from that date. The city commissioner's certificate is dated November 29, 1861; but that is conclusive only as to the amount and value of the work done. *Ridenour* v. *Saffin et al.,* 1 Handy, 464.

It simply dispensed with other or further proof in those respects in the absence of fraud or collusion. It will thus

Groff, Adm'r, *v.* Cincinnati and Indiana R. R. Co. et al.

be seen that the action was not commenced for more than six years after the cause of action accrued.

In *Espenschied* v. *Bloebaum*, decided in this court about a year ago, the defense of the statute of limitations was by answer that the cause of action had not accrued within six years next before the commencement of the action, and the defense was held good on demurrer. The court said in that case, " Although there does not appear to have been any statutory limitation to the lien sought to be enforced, we may well follow the rule prescribed as to the recovery of the supposed debt. We recognize the rule adopted by the Supreme Court in *Longworth* v. *Hunt et al.*, 11 Ohio St. 194, where it is held that the limitation in such cases applies in equity as well as at law."

The cases cited to us in the argument—2 Duer, 1; 2 Kernan, 140, and 2 Barr (Penn.), 437—were all cases under acts furnishing special limitations for this class of cases. On a review of these cases and the authorities cited to us in *Espenschied* v. *Bloebaum*, we see no reason to change our opinion.

Judgment affirmed.